IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID RONDELL ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-1073-SRW |
| | ) | [WO] |
| | ) | |
| TRAY HUDSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

## I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, David Rondell Elliott ["Elliott"], an indigent inmate, presents claims relative to an incident arising from officer Tray Hudson's use of a taser against him on November 20, 2012, during his confinement in the Covington County Jail. *Complaint - Doc. No. 1* at 2-3.  Specifically, Elliott complains that while he was engaged in a physical altercation with another inmate Hudson, deployed his taser in an effort to disengage the inmates and one of the probes landed on his lip. *Id*. at 3. Elliott also complains that supervisory officials failed to reprimand Hudson for his use of the taser. *Id*.[1]  Elliott seeks monetary damages for the alleged violations of his constitutional rights.

The defendants filed a special report and supporting evidentiary materials addressing

---

[1] Elliott's claims are based on his belief that the officer should not have used the taser against him because the other inmate initiated the altercation, and he was only defending himself from the assault perpetrated by the other inmate. The complaint, however, is clear that at the time the officer deployed his taser Elliott was heavily engaged in an intense physical altercation with another inmate

Elliott's claims for relief.  In these documents, the defendants deny Elliott's allegation of improper use of the taser and, instead, argue that under the circumstances Hudson's use of the taser was both necessary and appropriate.

Specifically, the defendants maintain that Hudson and Sgt. Dewayne Ham witnessed Elliot and another inmate fighting in B Block of the Covington County Jail.  *Defendants' Exhibit 3 (Affidavit of Olen Hudson) - Doc. No. 19-3* at 5.  Hudson and Ham armed themselves with tasers and proceeded to the area of the fight.  *Id*.  When the officers arrived on the scene, both inmates were engaged in the fight and rolling on the floor, each attempting to strike and/or striking the other.  *Id*.  Hudson and Ham issued warnings regarding potential use of a taser and orders for the inmates to stop fighting, orders that both inmates ignored.  *Id*.  When the inmates refused to stop fighting, Hudson deployed his taser toward Elliott and Ham deployed his taser toward the other inmate.  *Id*.  The undisputed evidentiary materials filed by the defendants and the plaintiff's own recitation of facts support this rendition of events.

In addition to their factual defense, the defendants assert that the complaint is due to be dismissed because Elliott failed to exhaust an administrative remedy available to him at the Covington County Jail with respect to the claims presented in this cause of action.  *Defendants' Special Report - Doc. No. 19* at 3-4, 8-10.  The defendants base their exhaustion defense on the plaintiff's failure to file a grievance regarding the claims

presently pending before this court as allowed by the jail's grievance procedure.

Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat the defendants' report as a motion for summary judgment.  *Order of April 19, 2013 - Doc. No. 20*; *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (Although an exhaustion defense "is not ordinarily the proper subject for a summary judgment[,]" the defense is appropriate for summary judgment when the evidence demonstrates administrative remedies "are absolutely time barred or otherwise clearly infeasible.").  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion for summary judgment with respect to the exhaustion defense is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact regarding the plaintiff's failure to exhaust his administrative remedies.   Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant

---

[2]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination."  *Id*.  "'Shall' is also restored to express the direction to grant summary judgment."  *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motion for summary judgment, Elliott is required to produce "sufficient [favorable] evidence" which would be admissible at trial demonstrating the proper exhaustion of previously available administrative remedies.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id*. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir.

1990).   Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment.  *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant.

*United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell*, 276 F.3d at 1279 (To establish

7

a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Elliott fails to demonstrate a requisite genuine dispute of material fact regarding his failure to exhaust administrative remedies so as to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

Elliott challenges the use of a taser against him in an attempt to end a physical altercation in which he had engaged with another inmate. Elliott failed to submit a grievance to jail officials regarding the claims presented in the complaint. The defendants therefore maintain that this case is subject to dismissal because Elliott failed to exhaust the administrative remedy provided at the Covington County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative

remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006).  Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings....  Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary]

interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage."  548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387.  The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her.  548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The record in this case establishes that the Covington County Jail provides a grievance procedure for inmate complaints.  *Defendants' Exhibit B - Doc. No. 19-6* at 5. The grievance procedure allows an inmate to file a grievance with respect to matters/conditions occurring at the Covington County Jail.  *Id.*  The relevant portion of the grievance procedure provides that "[i]nmates must file a completed grievance form within 7 days from the date of the occurrence upon which the grievance is based."  *Id*.  Upon receipt of a response to the grievance from the Jail Administrator, the inmate may appeal "[t]he decision ... to the Sheriff in writing within seventy-two (72) hours of the receipt of

the grievance decision." *Id.*

On April 19, 2013, the court entered an order allowing Elliott the opportunity to respond to the exhaustion defense raised by the defendants in their special report. *Doc. No. 20*. The time allowed Elliott to file his response expired on May 10, 2013. As of the present date, Elliott has filed no response to this order. The court therefore concludes the claims presented in this cause of action are subject to dismissal. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388.

It is undisputed that Elliott failed to exhaust an administrative remedy available to him which is a precondition to proceeding in this court on his claims. Specifically, Elliott did not file a grievance regarding the claims presented in this cause of action as permitted by the grievance procedure in effect at the Covington County Jail and the time for using the grievance procedure expired prior to the filing of this case. Thus, the administrative remedy provided by the defendants for the instant claims is no longer available to Elliott. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004)

(footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV.  CONCLUSION

For the foregoing reasons, it is

ORDERED and ADJUDGED that:

1.  The defendants' motion for summary judgment be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Covington County Jail.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy provided to him during his confinement in the Covington County Jail as this remedy is no longer available to him with respect to the claims presented in the this cause of action.

3.      No costs are taxed herein.

A separate Final Judgment will accompany this memorandum opinion.

Done, this 4th day of June, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE